# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

**CLAYTON LEE FELTON,**

    Plaintiff,

v.                                                                               Civil Action No. **3:24CV880**

**MR. CLARK,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia prisoner proceeding *pro se*, initiated this action by submitting a complaint that was clearly drafted by another inmate. (ECF No. 1.) Plaintiff complained that staff failed to provide him with medical files or other information, that he received inadequate medical care from unidentified medical staff after a physical altercation on an unidentified date, and that unidentified guards are mean to him. (ECF No. 1, 5–7.) By Memorandum Order entered on June 5, 2025, the Court denied miscellaneous requests that were in several letters from other inmates. The Court explained:

> Contrary to Plaintiff's belief, the Court cannot litigate the matter for him and is not permitted to play the "role of an advocate seeking out the strongest arguments and successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)). Rather, it is incumbent on Plaintiff himself to litigate these cases. As explained previously, the Court will not appoint Plaintiff counsel at this early juncture. (*See* ECF No. 22); *Jenkins v. Woodard*, 109 F.4th 242, 247–51 (4th Cir. 2024) (analyzing when it is error not to appoint counsel). It is evident from the letters Plaintiff has submitted that he is able to obtain assistance from other inmates within the institution and he could simply ask those inmates to assist him with complying with Court orders. If Plaintiff is unwilling or unable to make the effort to litigate this action himself, he may move to voluntarily dismiss the action and the Court will instruct the institution to not collect any fees. However, if Plaintiff wishes to continue to litigate this action, he must comply with the orders of the Court.

(ECF No. 25, at 2.)

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). The Court reviewed Plaintiff's Complaint and determined that Plaintiff did not identify the particular constitutional right that was violated by the defendants' conduct. Plaintiff's allegations also failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). By Memorandum Order entered on July 1, 2025, the Court directed Plaintiff to particularize his complaint. (ECF No. 26.)

Thereafter, Plaintiff sought multiple extensions of time and the appointment of counsel. The final motion for extension of time permitted Plaintiff until November 30, 2025, to file a particularized complaint. (ECF No. 34.) Plaintiff failed to file a particularized complaint within that time. Instead, Plaintiff submitted a letter requesting an attorney and again complained that he has not received a copy of an incident report. (ECF No. 35.) As previously explained, Plaintiff fails to demonstrate that he is entitled to the appointment of counsel.

As the United States Court of Appeals for the Fourth Circuit has stated,

> a district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel. [*Whisenant v. Yuam*, 799 F.2d 160, 162 (4th Cir. 1984)]. That inquiry requires the court to determine (1) whether the plaintiff "has a colorable claim" and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff "lack the capacity to present it." *Id.* If both questions are answered affirmatively, the case presents exceptional circumstances. *Id.*

*Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024). At this juncture, Plaintiff has again failed to submit enough information to show that he has a colorable claim.

Additionally, as previously noted, Plaintiff fails to demonstrate that this Court can compel the Virginia Department of Corrections to provide him with any information at this early juncture. *See Felton v. Unknown*, No. 3:24CV873, ECF No. 24, at 2. In sum, Plaintiff has failed to offer a valid excuse for his failure to submit a particularized complaint in the last seven months. This case cannot continue to languish on the docket in this inchoate state for the indefinite future. The action will be DISMISSED WITHOUT PREJUDICE. Plaintiff remains free to refile the action at the point in the future when he can submit an appropriate complaint.

An appropriate Order will accompany this Memorandum Opinion.

Date: 22 January 2026
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

3